CASE NO. 23-3735

# In The United States Court of Appeals For The Sixth Circuit

**KAYLA JEAN AYERS**,
*Petitioner-Appellant,*

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION**,
Director,
*Respondent-Appellee.*

-----------------------------------------------------------------------

**On Appeal from the United States District Court
for the Northern District of Ohio, Eastern Division
Case No. 5:20-cv-1654**

-----------------------------------------------------------------------

_____

## RESPONDENT-APPELLEE'S BRIEF

_____

DAVE YOST
Attorney General of Ohio

**KATHERINE E. MULLIN (0084122)**
Senior Assistant Attorney General
Criminal Justice Section
30 E. Broad St., 23rd Floor
Columbus, OH 43215-6001
T: (614) 644-7233; F: (844) 208-2297
Email: Katherine.Mullin@OhioAGO.gov

*Counsel for Respondent-Appellee*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ................................................1

STATEMENT OF JURISDICTION .......................................................................2

STANDARD OF ISSUES........................................................................................2

STATEMENT OF THE CASE ................................................................................3

STATEMENT OF THE FACTS..............................................................................8

SUMMARY OF ARGUMENT.............................................................................10

STANDARD OF REVIEW ...................................................................................11

ARGUMENT ........................................................................................................14

    I.     AYERS' PETITION WAS PROPERLY DENIED AS UNTIMELY. AYERS WAS NOT DILIGENT IN DISCOVERING THE FACTUAL PREDICATE FOR HER CLAIM ........................................................................................14

          A.    The 2019 report of John J. Lentini ("Lentini Report") is not the "factual predicate" of Ayers' claim ..............................16

          B.    Ayers did not exercise due diligence to learn the factual predicate for her claim ............................................................18

          C.    Ayers' cited authority does not support her position...............21

          D.    The Court should not remand for a hearing.......................23

CONCLUSION......................................................................................................24

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. PRO. 32(a)(7) ............25

CERTIFICATE OF SERVICE ...................................................................26

ADDENDUM……………………………………………………………..27

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS…………28

# TABLE OF AUTHORITIES

## CASES

**Page**

*Bannerman v. Snyder*, 325 F.3d 722 (6th Cir. 2003)................................................11

*Cowell v. Gray*, No. 5:22-cv-2084, 2023 U.S. Dist. LEXIS 172276 (N.D. Ohio)..17

*Deaton v. Hildebrand*, 2024 U.S. App. LEXIS 2417 (6th Cir. 2024) ……………18

*DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006) …………………………………...21

*Early v. Packer*, 537 U.S. 3 (2002) .........................................................................13

*Ege v. Yukins*, 485 F.3d 364 (6th Cir. 2007) …………………………………………21

*Gilbert v. CCA Halfway House*, 2016 U.S. Dist. LEXIS 110702
(S.D. Ohio Aug. 19, 2016) …………………………………………………………..16

*Gorospe v. Smith*, Case No. 5:10CV0839, 2011 U.S. Dist. LEXIS 107020
(N.D. Ohio Sept. 22, 2011) …………………………………………………...20, 21

*Gross v. Radtke*, Case No. 21-cv-643-wmc, 2023 U.S. Dist. LEXIS 90605
(W.D. Wisc. May 23, 2023) …………………………………………………………20

*Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000).......................................................13

*Herbert v. Billy*, 160 F.3d 1131 (6th Cir. 1998) .....................................................13

*Herrera v. Collins*, 506 U.S. 390 (1993) …………………………………………….6

*Hibbler v. Romanowski*, Case No. 12-15081, 2015 U.S. Dist. LEXIS 55888
(E.D. Mich. April 29, 2015) ………………………………………………………19

*Holland v. Jackson*, 542 U.S. 649 (2004) ...............................................................13

*In re Boshears*, 110 F.3d 1538 (11th Cir. 1997) …………………………………..15

*Keeling v. Warden*, 673 F.3d 452 (6th Cir. 2012) …………………………….......22

*King v. Bobby*, 433 F.3d 483 (6th Cir. 2006) ..........................................................11

*Kuzma v. Campbell*, Case No. 1:15-cv-1130, 2012 U.S. Dist. LEXIS 125993 (W.D. Mich. July 7, 2021) ……………………………………………………………….22

*Lopez v. Wilson*, 355 F.3d 931 (6th Cir. 2004)..........................................................13

*Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001) …………………………………………15

*Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003) ....................................................13

*Monford v. Shoop*, Case No. 2:19-CV-3491, 2019 U.S. Dist. LEXIS 198200 (S.D. Ohio November 15, 2019) …………………………………………………16

*Northrop v. Trippett*, 265 F.3d 372 (6th Cir. 2001)...................................................11

*Redmond v. Jackson*, 295 F.Supp.2d 767 (E.D. Mich. 2003) ……………………19

*Rivas v. Fischer,* 687 F.3d 514, (2nd Cir. 2012) …………………………………16

*Roberts v. Carter*, 337 F.3d 609 (6th Cir. 2003) ....................................................11

*Roland v. Scribner*, No. C 04-4623 MJJ, 2005 U.S. Dist. LEXIS 34448 (N.D. Cal. Sept. 8, 2005) …..……………………………………………………..21

*Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005) …………………………………7, 18

*Stokes v. Leonard*, 26 Fed. Appx. 801 (6th Cir. 2002) ……………………………15

*Stokes v. Leonard*, 36 F. App'x 801 (6th Cir. 2002) ………………………………17

*Vildsosola v. Hornbeak*, Case No. CV 10-3582 DDP (JCG), 2010 U.S. Dist. LEXIS 35816 (C.D. Cal. 2010)…………………………………………………...20

*Warren v. Smith*, 161 F.3d 358 (6th Cir. 1998)....................................................8, 14

*Williams v. Taylor*, 529 U.S. 362 (2000)..................................................................12

*Wolfe v. Brigano*, 232 F.3d 499 (6th Cir. 2000) .......................................................11

*Woodford v. Visciotti*, 537 U.S. 19 (2002)...............................................................13

## STATE CASES

*State v. Ayers*, 5th Dist. Stark No. 2013CA00034, 2013-Ohio-5402 .........3, 10, 19

*State v. Ayers*, 5th Dist. Stark No. 2021CA00134, 2022-Ohio-1910.........4, 17, 19

*State v. Ayers,* 167 Ohio St.3d 1528, 2022-Ohio-3322, 195 N.E.3d 167…………...4

## FEDERAL AND STATE STATUTES, CODES & RULES

28 U.S.C. § 2244......................................................................................15

28 U.S.C. § 2244(d)...................................................................................15

28 U.S.C. § 2244(d)(1)(A)...........................................................................15

28 U.S.C. § 2244(d)(1)(D) …………………..7, 10, 14, 15, 16, 17, 18, 19, 21, 22

28 U.S.C. § 2254 ……………………………………………………….. 2, 13

28 U.S.C. § 2254(d) ……………………………………………………...11,12

28 U.S.C. § 2254(d)(1) ……………………………………………………..11,12

28 U.S.C. § 2254(e)(1) ……………………………………………...............8, 14

Fed R. App. P. 32(a)(7) ……………………………………………………...25

Fed R. App. P. 32(a)(7)(B) …………………………………..………………...25

Ohio App. R. 26(B)…………………………………………………………….4

Ohio Crim. R. 12(K) …………………………………………………………5

Ohio Crim. R. 16(K) …………………………………………………………5

Ohio Rev. Code § 2909.02(A)(2)……………………….…………………….3, 9

Ohio Revised Code § 2919.22(A)……………………………………………3

Ohio Revised Code § 2903.01 ................................................................8

Ohio S.Ct.Prac.R. 3.03(A)(1) ………………………………………………3

Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i) …………………………………………...3

Sup. Ct.R. 13.3……………………………………………………………13

## STATEMENT REGARDING ORAL ARGUMENT

Respondent submits that oral argument would aid the court in this case.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over Ayers's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 2, 2023, the district court denied Ayers's petition and declined to grant a certificate of appealability.  (Opinion, R. 21; R. 22.)  Petitioner-Appellant filed a Notice of Appeal on September 1, 2023.  (Notice of Appeal, R. 23.) Ayers filed an Application for Certificate of Appealability, which this Cout granted, in part, on February 15, 2024. Therefore, this Court has jurisdiction over the present appeal.

## STATEMENT OF ISSUES

The sole issue before this Court is whether the District Court erred in holding that Ayers was not "reasonably diligent" in uncovering the factual predicate for her ineffective-assistance-of-counsel claim.

## STATEMENT OF THE CASE

*Trial Proceedings*

On November 6, 2012, a Stark County, Ohio grand jury indicted Ayers on one second-degree felony O.R.C. 2909.02(A)(2) Aggravated Arson charge and one first-degree misdemeanor O.R.C. 2919.22(A) Endangering Children charge. (Indictment, R. 15-1, PageID #: 273).

The matter proceeded to trial where a jury found Ayers guilty of both charges. Ayers was sentenced to 7 years in prison for aggravated arson, 180 days for endangering children, and mandatory 3-year term of post-release control upon her release from prison. Ayers has since served her sentence and post-release control.

*Direct Appeal*

On February 20, 2013, Ayers, through new counsel, filed a timely notice of appeal. Ayers raised two assignments of error in her direct appeal, including a claim of ineffective-assistance-of-trial-counsel. On December 9, 2013, the state appellate court overruled Ayers' error assignments and affirmed her convictions and sentences. *State v. Ayers*, 5th Dist. Stark No. 2013CA00034, 2013-Ohio-5402.

Ayers did not timely file an appeal in the Ohio Supreme Court and her filing deadline expired January 23, 2014. *See* Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i); Ohio S.Ct.Prac.R. 3.03(A)(1). Ayers also failed to timely file an application to reopen

her appeal under Ohio App. R. 26(B).

***Post-Conviction Relief***

On April 13, 2020, Ayers, through current habeas counsel, filed a petition for post-conviction relief and a motion for leave to file a motion for new trial in state court. (Petition for Postconviction Relief, R. 15-1, PageID #: 416-23); (Mt. for Leave to File Mt. for New Trial, R. 15-1, PageID #: 424-30). Ayers filed an amended petition for post-conviction relief on May 18, 2020. It was in these filings that Ayers presented her claim using the Lentini Report that challenged the state's arson investigator's testimony. Following additional briefing by both parties, the trial court determined that Ayers's petition was untimely, that her claims were barred by res judicata and/or meritless and denied the petition as well as leave to file a motion for new trial. (Order, R. 15-1, PageID #: 723-28).

On November 29, 2021, Ayers, through current habeas counsel, appealed the denial of both her petition and her motion for leave. On June 6, 2022, the state appellate court overruled Ayers' error assignments and affirmed the trial court judgment. *State v. Ayers*, 5th Dist. Stark No. 2021CA00134, 2022-Ohio-1910. Ayers pursued an appeal in the Supreme Court of Ohio, and the court declined to accept jurisdiction. *State v. Ayers,* 167 Ohio St.3d 1528, 2022-Ohio-3322, 195 N.E.3d 167. Ayers did not timely file a petition for certiorari in the United States Supreme Court and his filing deadline expired December 26, 2022. *See* Sup. Ct. R.

13.3.

### *Federal habeas proceedings*

Ayers filed her initial petition for writ of habeas corpus on July 27, 2020. Ayers

subsequently filed an amended petition and raised four grounds for relief:

**GROUND ONE:**  Ineffective assistance of trial counsel in violation of the Sixth Amendment.

**Supporting Facts:**  Defense counsel failed to consult with an expert witness regarding the origin of the fire. Defense counsel failed to challenge false and unsupported testimony offered by the State's expert. Defense counsel failed to object to testimony that should have been barred under Ohio Crim. R. 12(K).

**GROUND TWO:**  Prosecutorial misconduct in violation of the Fifth and Fourteenth Amendments.

**Supporting Facts:**  The State deprived Petitioner of a fair trial, by in violation of Ohio Crim. R. 16(K), failing to disclose the complete expert opinions of Massillon Fire Inspector Reginald Winters, and by knowingly soliciting previously undisclosed "expert" opinions from Inspector Winters. The State should have known that Reginald Winters' testimony regarding the origin of the fire was false, unsupported, and/or unqualified. The State committed misconduct by soliciting this testimony and leaving it uncorrected on the record. The State's misconduct prejudiced Petitioner, and deprived Petitioner of a fair trial.

**GROUND THREE:**  Conviction obtained by fundamentally unreliable evidence in violation of the Fifth and Fourteenth Amendments.

**Supporting Facts:**   Petitioner's conviction was obtained using evidence known to be false, unsupported, and/or fundamentally unreliable. Specifically, the testimony of Reginald Winters regarding the origin of the fire was incorrect, unsupported, and/or fundamentally unreliable in key respects. The probative value of Winters' testimony, if any, was greatly outweighed by the prejudice to Petitioner from its admission. Its role in Petitioner's conviction is a fundamental defect

which inherently results in a miscarriage of justice.

**GROUND FOUR:** Actual innocence in violation of Fifth, Eighth, and Fourteenth Amendments.

**Supporting Facts:** Newly-discovered evidence demonstrates that Petitioner is actually innocence of the charges for which she was convicted. Specifically, Inspector Winters' testimony regarding the origin of the fire is false, and the fire was, in fact, accidental. A truly persuasive demonstration of "actual innocence" made after trial renders the conviction unconstitutional. Herrera v. Collins, 506 U.S. 390, 418 (1993). As a result, Petitioner's conviction and the ongoing effects of her conviction are inconsistent with the U.S. Constitution's guarantee of due process of law.

(Amended Petition, R. 14, PageID #: 102-36).  Respondent filed an Answer/Return of Writ as well as the state court record and transcripts.  (Respondent's Answer/Return of Writ, R. 15, PageID #: 137-267.)  Ayers filed a Traverse. (Traverse, R. 16, PageID #: 1423-71). Respondent filed a reply to the traverse. (Respondent's Reply, R. 17, PageID #: 1472-98).

The magistrate judge issued a Report and Recommendation recommending that the court deny Ayers's petition as untimely.  The magistrate judge determined that Ayers failed "to demonstrate that she could not have obtained Mr. Lentini's report-or any expert report-though due diligence prior to July 29, 2019." (Report and Recommendation, R. 18, PageID #: 1511.) The magistrate judge rejected Ayers' argument that her trial counsel was responsible for her inability to retain an expert within AEDPA's time limit and noted that Ayers did not pursue the issue in her direct appeal or through an application to reopen her appeal. The magistrate judge further

rejected Ayers' argument that equitable tolling should apply.

As the prevailing party, Respondent did not object to the magistrate judge's report and recommendation. *See Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005). Ayers filed objections to the magistrate judge's Report and Recommendation and asked the district court to reject the recommendations and remand for further proceedings or, alternatively, to remand the matter for an evidentiary hearing. (Petitioner's Objections, R. 20; PageID #: 1536).

The district court found that Ayers petition was time-barred, and that Ayers was not entitled to equitable tolling. (Opinion and Order, R. 21, PageID #: 1538.) The district court agreed with the magistrate judge that Ayers failed to demonstrate diligence as required under § 2244(d)(1)(D). The district court noted that Ayers did not point to any "efforts she made between July 2013 and mid-2019 to pursue her claim." (Opinion and Order, R. 21, PageID #: 1546). The district court rejected Ayers argument that the court should consider the "realities of the prison system." The district court also rejected Ayers's circular argument that she could only know of the need for an expert by retaining her own, finding that her "belated attempt to create a 'battle of the experts' does not supply a critical factual predicate sufficient to start the limitations period under § 2244(d)(1)(D)." (Opinion and Order, R. 21, PageID #: 1552). Finally, the district court declined to issue a certificate of appealability.

Ayers filed a Notice of Appeal on September 1, 2023. (Notice of Appeal, R.

23, PageID #: 1561-62). Ayers filed an Application for Certificate of Appealability, which this Cout granted, in part, on February 15, 2024.

## STATEMENT OF THE FACTS

The Court of Appeals of Ohio, Fifth Appellate District for Stark County, Ohio set forth the facts of this case. These binding factual findings "shall be presumed to be correct," and Ayers has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998):

{¶ 2} On October 3, 2012, the Massillon Fire Department responded to a fire at Appellant's residence. The fire was extinguished in the basement of the home.

{¶ 3} Appellant's defense centered upon the allegation her young son started the fire. Appellant's son did not appear to have any smoke exposure or soot on his person. Appellant cut her hand while allegedly attempting to get her son out of the residence. Appellant appeared to have smoke exposure and tested positive for soot residue on her person.

{¶ 4} Inspector Reginald Winters of the Massillon Fire Department testified he ruled out an electrical shortage as the cause of the fire. Winters determined a mattress was the point of origination for the fire, and there were two distinct start points at separate ends of the mattress. Winters' report concluded the fire was not an accident.

{¶ 5} During an interview with investigators Appellant claimed her three-year old son started the fire while playing with a cigarette lighter. She seemed lethargic and unable to answer the questions posed. She stated she was in the basement folding clothes when she noticed her son by the bed playing with a lighter. Shortly thereafter she noticed a fire on the bed, grabbed a blanket and started fanning the flame. She ran and retrieved a glass of water, but tripped, breaking the glass, falling and cutting her hand. She stated she could not find the phone to call the fire department.

8

{¶ 6} At the time of the fire, Appellant lived with her father and his family. Her father had previously discussed finances with her, and the fact she had not been contributing to the household financial situation. Their relationship eventually deteriorated and Jeff Ayers, Appellant's father, told Appellant to leave and care for her own family. Appellant refused to leave. Jeff Ayers testified at trial when he decided to leave, Appellant threatened to burn the house down.

{¶ 7} Additionally, a neighbor of Appellant, Jason Pandrea, testified he heard Appellant threaten her father with burning the house down if he ever left.

{¶ 8} Karen Ball testified at trial she knew Appellant through a church relationship. She visited the residence on the night of the fire to pick up the children for a church activity. She knocked on the door, but received no answer. She heard someone inside the residence say, "Shhh." Ball noticed Appellant's purse on the deck of the residence, which led her to believe Appellant was inside. At approximately 8:00 p.m. the night of the fire, Ball returned to the residence and witnessed some flickering in the window. When Appellant exited the house, she told Ball her son had started the fire.

{¶ 9} Investigator Winters prepared a draft report. He concluded the fire originated on the first floor of the residence. Winters maintains this was a typographical error, and should have read the fire originated in the basement of the residence. Additionally, the report contained several other errors not to be included in the final copy. Winters stated in his testimony at trial the report including the alleged errors was not the final report.

{¶ 10} During pretrial proceedings, Appellant filed two motions in limine. In the first, Appellant sought to exclude evidence of "bad parenting" introduced by the state.

{¶ 11} In the second motion in limine, Appellant sought to exclude evidence of her involvement with Child Protective Services and the Department of Job and Family Services regarding "parenting rights, allegations of lice infestation, and having a dirty home," as well as, evidence regarding her mental health and use of medication.

{¶ 12} Following a jury trial, Appellant was convicted of one count of aggravated arson, in violation of R.C. 2909.02(A)(2), a felony of the second degree, and one count of endangering children, in violation of R.C.

9

2919.22(A), a misdemeanor of the first degree. Appellant was sentenced to an aggregate prison term of seven years.

*State v. Ayers*, No. 2013CA00034, 2013-Ohio-5402, ¶¶ 2-12 (5th Dist. Ohio Dec. 9, 2013).

## SUMMARY OF THE ARGUMENT

The district court did not err when it denied Ayers's petition as untimely. Ayers concedes that she can only proceed on her ineffective-assistance-of-counsel claim if her petition is considered timely under 28 U.S.C. § 2244(d)(1)(D). It is not. Ayers bears the burden to show that she filed her petition within one-year from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Instead, Ayers "failed to demonstrate that she exercised *any* diligence in the five-year period before she obtained the Lentini Report." (Opinion and Order, R. 21, PageID #: 1548).

Rather than meeting her burden, Ayers argues why she shouldn't have to shoulder the burden at all. Essentially, Ayers claims that because she was not represented by counsel and did not complete high school that she could not have independently learned of the information in the Lentini Report. But, as this Court has repeatedly held, § 2244(d)(1)(D) places the burden to show diligence squarely on Ayers.

The district court correctly held that Ayers's petition was untimely.

Accordingly, the district court's judgment should be affirmed.

## STANDARD OF REVIEW

This Court reviews the decision of the district court to grant or deny the writ under a *de novo* standard of review, but with complete deference to evidence-supported state court findings of fact. *Roberts v. Carter*, 337 F.3d 609 (6th Cir. 2003); *Bannerman v. Snyder*, 325 F.3d 722, 723 (6th Cir. 2003). This Court usually reviews any findings of fact made by the district court only for clear error; however, when the district court's decision in a habeas case is based on a transcript from the petitioner's state court trial, and the district court thus makes "no credibility determination or other apparent finding of fact," the district court's factual findings are reviewed *de novo*. *King v. Bobby*, 433 F.3d 483 (6th Cir. 2006); *Northrop v. Trippett*, 265 F.3d 372, 377 (6th Cir. 2001); *Wolfe v. Brigano*, 232 F.3d 499, 501 (6th Cir. 2000).

This case is controlled by the amendments made to 28 U.S.C. § 2254(d) by the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 and the cases construing those amendments. The AEDPA substantially altered the previously existing statutory basis for federal habeas review of state criminal convictions by strengthening the degree of deference due to a state court's determination of federal Constitutional questions. Section 2254(d) now reads as

11

follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 403 (2000), the Supreme Court stated that "[§ 2254(d)(1)] modifies the role of federal habeas courts in reviewing petitions filed by state prisoners," and provided guidance on the meaning of the habeas standard of review:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied — the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.

*Williams*, 529 U.S. at 412-13.

This Court has recognized that, by amending § 2254(d) through the AEDPA, Congress intended to place "reasonable state court judgments beyond the scope of federal review." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

The federal habeas court's standard for evaluating the state court's decision is "highly deferential," with "the presumption that state courts know and follow the law" and the requirement that the decisions of the state court "be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*) ("This readiness to attribute error is inconsistent with the presumption that state courts know and follow the law."); *Holland v. Jackson*, 542 U.S. 649, 655 (2004); *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The state court decision need not cite Supreme Court precedent, or even reflect awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*); *Lopez v. Wilson*, 355 F.3d 931, 937 (6th Cir. 2004).

Deferential review under AEDPA, however, only applies where the state court has adjudicated a claim on the merits. *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003). "Where . . . the state court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply . . . . Instead, this court reviews questions of law and mixed questions of law and fact de novo."

*Id.* (internal citations omitted).

Pursuant to amended subsections (d) and (e) of 28 U.S.C. § 2254, the presumption of correctness to be accorded state court findings of fact has been strengthened. Specifically, amended subsection 2254 (e)(1) reads as follows:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Thus, regarding state court findings of fact, a presumption of correctness is rebuttable by a petitioner only by clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## ARGUMENT

## I.    AYERS'S PETITION WAS PROPERLY DENIED AS UNTIMELY. AYERS WAS NOT DILIGENT IN DISCOVERING THE FACTUAL PREDICATE FOR HER CLAIM.

The issue before this Court comes down to a question of whether Ayers exercised due diligence under 28 U.S.C. § 2244(d)(1)(D). Ayers does not contest that her petition was filed more than one year after her conviction became final. Instead, she claims that she is entitled to a later start date of the statute of limitations. So far, the state courts found that Ayers was not diligent under Ohio law and both the magistrate judge, and the District Court have determined that Ayers was not diligent under § 2244(d)(1)(D). Ayers's disagreement aside, she has not shown that the

District Court erred when it denied her petition.

The one-year statute of limitations established in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d), was enacted April 24, 1996. 28 U.S.C. § 2244 states, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

The "standard" start date for the one-year statute of limitations comes from 28 U.S.C. § 2244(d)(1)(A). Ayers did not file a timely appeal to the Supreme Court of Ohio following the state appellate court's decision. Her filing deadline expired on January 23, 2014, so the statute of limitations began to run the next day. The statue expired on January 26, 2015, but Ayers did not file her petition until July 27, 2020. Ayers does not dispute these dates.

Ayers claims that 28 U.S.C. § 2244(d)(1)(D) applies. Under that provision, the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." "The petitioner has the burden of persuading the court that [s]he has exercised due diligence in h[er] search for the factual predicate of h[er] claim." *Stokes v. Leonard*, 26 Fed. Appx. 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). An application "that 'merely alleges that the

applicant did not actually know of the facts underlying h[er] …claim' is insufficient to show due diligence." *Id*. (citing *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)).

"The time commences under § 2244(d)(1)(D) when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, ***not*** when it was actually discovered by a given prisoner." *Monford v. Shoop*, Case No. 2:19-CV-3491, 2019 U.S. Dist. LEXIS 198200 at *3 (S.D. Ohio November 15, 2019) (*citing Gilbert v. CCA Halfway House*, 2016 U.S. Dist. LEXIS 110702 at *3 (S.D. Ohio Aug. 19, 2016)). (Emphasis Added). The statute "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts." *Id*. (internal citations omitted).

### A. The 2019 report of John J. Lentini ("Lentini Report") is not the "factual predicate" of Ayers's claim.

Ayers asks this Court to construe "factual predicate" to mean "those 'vital facts underlying the claim *** without which the claim would necessarily be dismissed." (Appellant's Br, Doc. 11, Page 31) (citing *Rivas v. Fischer*, 687 F.3d 514,

535 (2nd Cir. 2012).

The "factual predicate" for Ayers's ineffective-assistance-of-counsel claim is not the Lentini Report itself, but the opinions expressed in them. See *Cowell v. Gray*, No. 5:22-cv-2084, 2023 U.S. Dist. LEXIS 172276 at *7 (N.D. Ohio) ("the information regarding Abilify's previously undisclosed side effects constitutes the factual predicate for his claim, not Dr. Fetterolf's later-issued expert opinion."). See also *Stokes v. Leonard*, 36 F. App'x 801, 804-05 (6th Cir. 2002) (petitioner failed to show an expert report was necessary to establish the factual predicate for petitioner's claims).

Ayers claims that the Lentini Report shows that the state's arson testimony was false, and that trial counsel was deficient for failing to research the forensic issues. It does not. Lentini's opinion "centers on his belief that Winters is not qualified, or did not use the techniques that Lentini believes are the best practice [but] [h]is opinion does not exonerate Ayers or reduce her culpability." *State v. Ayers*, 2022-Ohio-1910, ¶76. Instead, Lentini's opinions set up what both the state and the district court found to be a "battle of the experts." *Id*. at ¶75; (Opinion and Order, R. 21, PageID #: 1552). As the district court found, Ayers's "belated attempt to create a 'battle of the experts' does not supply a critical factual predicate sufficient to start the limitations period under § 2244(d)(1)(D)." (Opinion and Order, R. 21, PageID #: 1552).

17

The "factual predicate" here was known to Ayers at the time of trial. As will be further explained, Ayers clearly knew of the "factual predicate" to support her ineffective-assistance-of-counsel claim when she pursued her direct appeal to the state appellate court, so the Lentini report itself cannot be considered the "factual predicate." See *Souter v. Jones*, 395 F.3d 577, 587 (6th Cir. 2006) (evidence that is "merely cumulative to the evidence already presented by the defense at trial" cannot form the basis of the newly discovered factual predicate). Ayers cannot take advantage of § 2244(d)(1)(D), and her petition was properly denied as untimely.

### B.    Ayers did not exercise due diligence to learn the factual predicate for her claim.

Even assuming that the Lentini Report is the "factual predicate" of Ayers's ineffective-assistance-of-counsel claim, the district court was correct to find that Ayers did not exercise due diligence.

Ayers spends much of her brief arguing that she should not be expected to have searched for the factual predicate for her claim, but the burden is on Ayers. And while the belated expert report was surely useful to Ayers in litigation, "[d]iscovering the 'factual predicate' of a claim is not the same as proving a claim." *Deaton v. Hildebrand*, 2024 U.S. App. LEXIS 2417 at *6 (6th Cir. 2024).

Ayers did not detail any steps she took that would indicate her diligence in pursuit of her ineffective-assistance-of-counsel-claim. That is likely because she didn't take any. The record shows that Ayers has been aware of the basis for her

claim at least since her direct appeal.

In his opening statement, defense counsel informed the jury that there were "discrepancies in the reports from the fire department." (Trial Transcripts, R. 15-2, PageID #: 1102). Defense counsel characterized it as a "shotty investigation." (Trial Transcripts, R. 15-2, PageID #: 1102). Notably, Investigator Winters's report, which was read into the record at trial, did not indicate the fire had two points of origin. *State v. Ayers*, 2022-Ohio-1910, ¶80. In her direct appeal, where she was represented by new counsel, Ayers claimed "she received ineffective assistance of trial counsel due to counsel's failure to cross-examine Inspector Winters with regard to the errors in his draft report and due to reliance on the draft report in preparation for trial." *State v. Ayers*, 2013-Ohio-5402, ¶29.  The state appellate court rejected the claim, noting that Ayers defense focused on "her son starting the fire, not where the fire started or developed." *Id*. at ¶33.

Despite her awareness, there is no evidence to show that Ayers did anything between her direct appeal and 2019. The "time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance." *Hibbler v. Romanowski*, Case No. 12-15081, 2015 U.S. Dist. LEXIS 55888 at *6 (E.D. Mich. April 29, 2015) (citing *Redmond v. Jackson*, 295 F.Supp.2d 767, 771 (E.D. Mich.

2003). Further, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Id*. at *7.

Ayers was aware of the factual predicate for her claim and her delayed pursuit of evidence to support it was not diligent. Ayers "did not have to await and expert statement from [Lentini] to conclude that [she] could have brought a claim of ineffective assistance of counsel. Instead, the critical point would be when [Ayers herself] had knowledge of the important facts." *Gorospe v. Smith*, Case No. 5:10CV0839, 2011 U.S. Dist. LEXIS 107020 at *14 (N.D. Ohio Sept. 22, 2011). Assuming Ayers did not know of the factual predicate until Lentini's report, Ayers did not show that she was diligent in the years between her appeal and the report. *Id*. at *17. Based on the record, she clearly had notice of the facts. See *Vildsosola v. Hornbeak*, Case No. CV 10-3582 DDP (JCG), 2010 U.S. Dist. LEXIS 35816 at *9 (C.D. Cal. 2010) (petitioner was not entitled to later start date based on new expert report because the petitioner was aware of the same general factual theories at the time of trial); *Gross v. Radtke*, Case No. 21-cv-643-wmc, 2023 U.S. Dist. LEXIS 90605 at *4-5 (W.D. Wisc. May 23, 2023) (finding that the new expert report based its conclusions on existing evidence at trial and was not newly discovered evidence).

Ayers argues to the Court that she should not have had the burden to do anything because "it is reasonably diligent for criminal defendants to presume that

20

their attorneys have fulfilled their constitutional duties[.]" (Appellant's Br., Doc. 11, p. 36). This argument is belied by the fact that Ayers challenged her trial counsel's representation-specifically about his handling of Investigator Winters-in her direct appeal.

Moreover, Ayers's attempt to obtain post-conviction counsel is not evidence of due diligence. "Due diligence, under subsection (D), has been found where *facts* previously undiscoverable come to light through a petitioner's due diligence. There is no case law suggesting that subsection (D) was intended to encompass a petitioner's diligent search for an attorney." *Gorospe* at *18 (citing *Roland v. Scribner*, No. C 04-4623 MJJ, 2005 U.S. Dist. LEXIS 34448 (N.D. Cal. Sept. 8, 2005)). (Emphasis in original).

The district court properly held that Ayers petition was untimely. Even now, Ayers does not show that she was diligent and instead argues that she should not be held to the standard § 2244(d)(1)(D) requires. This Court should affirm.

### E. Ayers's cited authority does not support her position.

Ayers primarily relies on *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006) and *Ege v. Yukins*, 485 F.3d 364 (6th Cir. 2007) to support her argument but, as the district court found, they do not.

In *DiCenzi*, the petitioner claimed that he was never informed of his right to a direct appeal following the imposition of a maximum sentence. The state appellate

court refused to consider DiCenzi's delayed appeal. The district court found DiCenzi's petition untimely, but this Court remanded for further development on whether DiCenzi was diligent under § 2244(d)(1)(D) to learn of his appellate rights.

Here, the record clearly shows that Ayers failed to exercise due diligence under § 2244(d)(1)(D). Ayers raised an ineffective-assistance-of-counsel claim on direct appeal challenging her attorney's handling of Investigator Winters. Investigator Winters's report, which was read during the trial, did not mention a second origin point for the fire. And Investigator Winters testified about his qualifications during the trial. It does not appear that Ayers did anything to pursue the matter until mid-2019, years after her conviction and after the statute of limitations had expired.

Even if *DiCenzi* could be read to say that court should take "into account the realities of the prison system" outside of the circumstances of filing an appeal, Ayers still failed to demonstrate diligence. See *Keeling v. Warden*, 673 F.3d 452, 464 (6th Cir. 2012) (*pro se* status and lack of knowledge of the law are not sufficient to constitute extraordinary circumstances to excuse his late filing.); *Kuzma v. Campbell*, Case No. 1:15-cv-1130, 2012 U.S. Dist. LEXIS 125993 at * 5 (W.D. Mich. July 7, 2021) ("Being a prisoner without financial resources is not sufficient to demonstrate that a duly diligent person in Petitioner's circumstances could not have discovered the factual predicate for his claim.").

This Court's decision in *Ege* is similarly unhelpful. In *Ege*, this Court started its analysis with a quote from the Michigan appellate court noting the weakness of the evidence against Ege. After the time for filing a habeas petition had expired, Ege's counsel was made aware of a letter from the prosecutor's office concerning the unreliability of an expert witness the prosecution had used at trial. The district court found that the factual predicate of Ege's claim could not have been discovered and, therefore, the habeas clock began to run on when the letter was discovered.

This Court partially reversed the district court, holding that Ege's "free-standing ineffective assistance claim" was untimely because the letter by the prosecutor's office "cannot logically constitute a 'factual predicate'" to support the claim. *Ege* at 373. *Ege* supports the district court's finding that Ayers's ineffective-assistance-of-counsel claim (the only claim properly before the Court) is time-barred.

### F.  The Court should not remand for a hearing.

Ayers, citing *DiCenzi*, alternatively argues that the Court should remand for a hearing. That is unnecessary as the existing record shows that Ayers did not exercise due diligence. Ayers makes a bald assertion that she has demonstrated diligence, but the only step she appears to have taken was to contact the Ohio Innocence Project years after her conviction was already final. Considering that Ayers commits a substantial portion of her appeal arguing that she should not have a burden to do

anything other than trust her appointed counsel, it does not appear that Ayers has any evidence of diligence that could be presented at a hearing. Remand is not appropriate in this case.

## CONCLUSION

For these reasons, the district court's judgment should be affirmed. Ayers's petition was properly denied as untimely.

Respectfully submitted,

DAVE YOST
Attorney General of Ohio

/s/ *Katherine E. Mullin*

**KATHERINE E. MULLIN (0084122)**
Senior Assistant Attorney General
Criminal Justice Section
30 E. Broad St., 23rd Floor
Columbus, OH 43215-6001
T: (614) 644-7233; F: (844) 208-2297
Email: Katherine.Mullin@OhioAGO.gov
*Counsel for Respondent-Appellee*

## CERTIFICATE OF COMPLIANCE PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 32(A)(7)

Pursuant to Federal Appellate Rule 32(a)(7), I certify that this document contains **5,639** words, as determined by the word processing system used to prepare this brief.


/s/ *Katherine E. Mullin*

**KATHERINE E. MULLIN (0084122)**
Senior Assistant Attorney General

## CERTIFICATE OF SERVICE

A copy of the foregoing ***Brief of Respondent-Appellant*** was electronically filed on April 25, 2024.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Katherine E. Mullin*

**KATHERINE E. MULLIN (0084122)**
Senior Assistant Attorney General

# ADDENDUM

CASE NO. 23-3735

# In The United States Court of Appeals For The Sixth Circuit

**KAYLA JEAN AYERS**,
*Petitioner-Appellant,*

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION**,
Director,
*Respondent-Appellee.*

---

## RESPONDENT-APPELLEE'S DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Appellee agrees with the Designation of Record previously filed and has no further changes.

/s/ *Katherine E. Mullin*

**KATHERINE E. MULLIN (0084122)**
Senior Assistant Attorney General