No. 23-3735

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Kayla Jean Ayers, | : | On Appeal from the |
|     Petitioner-Appellant, | : | United States District Court |
| | : | for the Northern District of Ohio |
| v. | : | |
| | : | |
| Ohio Department of Rehabilitation and Corrections, Director, | : | District Court Case No. |
| | : | 5:20-cv-01654 |
| | : | |
|     Respondent-Appellee. | : | |
| | : | |

## MOTION TO STAY THE MANDATE

DAVE YOST
Attorney General of Ohio

T. ELLIOT GAISER*
Ohio Solicitor General
 *Counsel of Record
MICHAEL J. HENDERSHOT
Chief Deputy Solicitor General
JANA M. BOSCH
Deputy Solicitor General
KATHERINE E. MULLIN
Senior Assistant Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
thomas.gaiser@ohioago.gov

*Counsel for Appellee*
 *Ohio Department of Rehabilitation*
 *and Correction, Director*

The Warden plans to petition the Supreme Court for a writ of certiorari in this case. The deadline for that anticipated petition is November 25, 2024. A party requesting a stay of the mandate "must show that the petition [for certiorari] would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). In determining whether a substantial question exists, courts ask whether there is "a reasonable probability that four Justices will vote to grant certiorari and a reasonable possibility that five Justices will vote to reverse the judgment of this court." *Books v. City of Elkhart*, 239 F.3d 826, 828 (7th Cir. 2001) (Ripple, J., in chambers); *see also Moore v. Whitmer*, No. 21-1755, 2023 U.S. App. LEXIS 1583, *2 (6th Cir. January 20, 2023). And in determining whether there is good cause, courts look at the "likelihood that irreparable harm will result from the denial of a stay." *Moore*, 2023 U.S. App. LEXIS 1583 at *3.

This case presents a substantial question of federal law, and good cause exists to stay the mandate while the Warden seeks further review. Thus, under Federal Rule of Appellate Procedure 41(d), the Warden moves this Court to stay its mandate pending the resolution of the Warden's certiorari petition. This motion automatically stays the mandate until the Court resolves the motion. *See* Fed. R. App. P. 41(b), (d)(1).

## I. This case presents a substantial question of federal law.

A person in state custody generally has one year to file a habeas petition. That one year starts when one of four triggering events happens. 28 U.S.C. §2244(d)(1). Relevant here, a triggering event is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1)(D).

This case presents a substantial question: Is new evidence supporting a previously available claim a "factual predicate" that restarts the habeas time limit? The circuits are split on this question, and as discussed below that split matters for both states and habeas petitioners.

The Sixth and Ninth Circuits have permitted petitioners to restart their clocks by painting later-acquired supporting evidence as the new "factual predicate." Ayers has been clear that her claim is rooted in her counsel's pre-trial and at-trial actions. Her three claimed deficiencies of counsel were failing to "consult an expert," failing to "challenge false and unsupported testimony" by the State's expert, and failing to "object to testimony that should have been barred" under State rules. Am. Pet., R.14 at PageID#95–96. She was aware of these actions by the time of trial and direct appeal, and so was her new counsel on direct appeal. But this Court held that counsel's allegedly deficient performance, even when based on the face of

the record, is not the "factual predicate" for an ineffective-assistance claim. Instead, it held that the "factual predicate" was later-obtained evidence which counsel could and should have discovered before trial, at trial, or on direct review. Slip Op. at 7. It reasoned that the expert report that Ayers received was necessary for "supporting the claim's merits such that a court would not dismiss it sua sponte." *Id.*

The Ninth Circuit has similarly found later-discovered evidence to be a "factual predicate" for an ineffective-assistance claim. In *Hasan*, the Ninth Circuit reasoned that the petitioner knew at trial about his counsel's failure to investigate a possible jury-tampering issue, but he did not know until later about a romantic relationship that would have bolstered the tampering claim. *Hasan v. Galaza*, 254 F.3d 1150, 1153–55 (9th Cir. 2001). Since that relationship could also be used to support an argument that counsel's ineffective assistance was prejudicial, the court held that it was a new "factual predicate" that restarted the clock on the ineffective-assistance claim. *Id.*

Several other circuits disagree. For example, the Second Circuit held that an affidavit attempting to discredit the State's expert witness "though seriously detrimental to the State's case" was a "not a 'factual predicate,'" but rather a "conclusion based on facts that were known to Rivas or discoverable by him or his counsel at the time of his trial." *Rivas v. Fischer*, 687 F.3d 514, 536 (2d Cir. 2012). It

3

explained that "new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery" is "not a 'factual predicate' for purposes of triggering the statute of limitations." *Id.* at 535. The Fourth Circuit has likewise held that a new report analyzing the physical evidence presented at trial is not a new factual predicate, even if trial counsel failed to obtain the independent analysis when he should have. *Gray v. Ballard*, 848 F.3d 318, 323–24 (4th Cir. 2017). The Eighth Circuit has also held that the factual predicate for a petitioner's ineffective-assistance claims was the ineffective assistance itself, even though petitioner "may not have recognized the legal significance of these facts at the time they occurred, or may have wanted to develop additional evidence." *Martin v. Fayram*, 849 F.3d 691, 697 (8th Cir. 2017).

Other circuits also have not treated new supporting evidence as a "factual predicate." *See Holmes v. Spencer*, 685 F.3d 51, 59 (1st Cir. 2012); *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Manning v. Epps*, 688 F.3d 177, 190 (5th Cir. 2012); *Johnson v. McBride*, 381 F.3d 587, 588–89 (7th Cir. 2004); *Fleming v. Evans*, 481 F.3d 1249, 1257–58 (10th Cir. 2007); *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1156–57 (11th Cir. 2014). In short, the one-year limitations period "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance" because

4

"[i]f §2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit," *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), *as amended* (Jan. 22, 2001).

## II. There is good cause for a stay.

In addition to showing that a petition for certiorari would raise substantial questions, the party moving for a stay of the mandate must demonstrate "that there is good cause for a stay." Fed. R. App. P. 41(d)(1). Courts consider various factors when assessing good cause, including whether the moving party will suffer harm absent a stay, *Davenport v. Maclaren*, No. 17-2267, 2020 U.S. App. LEXIS 35140, *3 (6th Cir. Nov. 5, 2020), and whether the non-moving party will suffer prejudice from a stay, *United States v. Pleau*, 680 F.3d 1, 22–23 (1st Cir. May 21, 2012) (*en banc*) (order of the court).

Here there is good cause for a stay. To begin, the State will suffer irreparable harm absent a stay. The timeliness requirement in AEDPA "quite plainly serves the well-recognized interest in the finality of state court judgments." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (quotation omitted). Forcing the State to litigate a long-final decision disrupts the State's interest in finality.

What is more, there is nothing to gain—for Ayers or the State—if the District Court conducts proceedings on a habeas petition that the Supreme Court ultimately

holds is untimely. A modest delay to complete Supreme Court review will preserve counsel's resources on both sides.

## CONCLUSION

The Court should stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court.

Respectfully submitted,

DAVE YOST
Attorney General of Ohio

*/s/ T. Elliot Gaiser*
T. ELLIOT GAISER*
Ohio Solicitor General
  *Counsel of Record*
MICHAEL J. HENDERSHOT
Chief Deputy Solicitor General
JANA M. BOSCH
Deputy Solicitor General
KATHERINE E. MULLIN
Senior Assistant Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614.466.8980
thomas.gaiser@ohioago.gov

*Counsel for Appellee
  Ohio Department of Rehabilitation
  and Correction, Director*

# CERTIFICATE OF COMPLIANCE

I hereby certify, in accordance with Rule 32(g) of the Federal Rules of Appellate Procedure, that this motion complies with the type-volume requirements and contains 1,228 words. *See* Fed. R. App. P. 27(d)(2)(A).

I further certify that this motion complies with the typeface requirements of Federal Rule 32(a)(5) and the type-style requirements of Federal Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Equity font.

/s/ T. Elliot Gaiser
T. ELLIOT GAISER

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, this motion was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ T. Elliot Gaiser*
T. ELLIOT GAISER